, J. D. ALLEN ET AL v. JAMES B. UPTON.

**Depositions—Exceptions to—Waiver.**

> After exceptions to depositions have been sustained, the depositions withdrawn, and then by agreement of the parties, the plaintiff is permitted to read the depositions upon the trial of the cause, the objections are thereby waived, and cannot be available for reversal in the Court of Appeals.

**Evidence—Irrelevant and Incompetent.**

> Though it be competent to prove by a witness what the laws of Congress are, and Government rights, if irrelevant and not pertinent to the issue, such evidence should be rejected on objection to same.

APPEAL FROM WARREN CIRCUIT COURT.

October 6, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

A careful examination of this record has resulted in the conclusion that there is no substantial error in it available to appellants for a reversal.

Bowman was a defendant to the action, had a direct interest in behalf of himself in the issue and was therefore incompetent, *Sec. 670 Civ. Co.*

The law of the case in the instructions submitted to the jury by the court, was properly expounded, or perhaps it might with more propriety be said, that the law as submitted in the instructions to the jury was at least as favorable to appellants as they had a right to ask it, and they are not prejudiced thereby.

After exceptions to the deposition of Absalom Upton had been sustained by the court, the exceptions were withdrawn, and by agreement of the parties the plaintiff below was permitted to read the deposition of said Upton on the trial, so that whatever objections there might have been to the deposition, they were waived, and cannot be available now in this court for reversal.

As to the objection made to Hobson's evidence, he stated what the army regulations were in relation to substitutes, with which he stated he was familiar, and from his connection with the army he must have been, and no sufficient reason is shown, and none

is perceived why he was not competent to prove them, and besides he read the orders on the subject agreeing with his statement, which were read without objection; it is true after they were read appellants excepted to them as incompetent; but that was not sufficient, the objection should have been made when the orders were offeffred, as has been repeatedly held by this court.

The objection of plaintiff to the interrogatories propounded by appellants to Hobson were properly sustained by the court for even if it were competent to prove by the witness what the Government had a right to do and thereby prove what a law of Congress is by the witness, the evidence was irrelevant and not pertinent to the issue, and was properly rejected on that account.

Upon the subject of the verdict being contrary to the evidence it need only to be said that the evidence was conflicting and if it did not preponderate on the side of the verdict; the finding of the jury cannot be regarded as palpably against the evidence, and this court has no power to interpose.

No error is perceived prejudicial to appellants.

Wherefore, the judgment is *affirmed*.

*Harney, for appellant.*

*Rodman, for appellee.*